UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL MANUFACTURING GROUP, INC.,<br><br>Debtor,<br><br>BEVERLY N. MCFARLAND, Chapter 11 Trustee, International Manufacturing Group, Inc.<br><br>Plaintiff,<br><br>v.<br><br>BRIDGE BANK, N.A.,<br><br>Defendant. | No.   15-CV-00706<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR WITHDRAWAL OF THE REFERENCE** |

Plaintiff Beverly N. McFarland ("Plaintiff"), the Chapter 11 Trustee of International Manufacturing Group, Inc. ("IMG"), filed this action against Defendant Bridge Bank, N.A. ("Defendant").  Defendant moves for withdrawal of the reference pursuant to U.S.C. § 157(d). (ECF No. 1.)  Plaintiff submitted an opposition to Defendant's motion.  (ECF No. 2.)  Defendant submitted a reply in support of its motion.  (ECF No. 4.)  The issue before the Court is whether good cause exists to grant Defendant's motion to withdraw the bankruptcy court reference.  After careful consideration, the Court finds that withdrawal of this matter at this juncture would be premature and therefore DENIES Defendant's motion to withdraw the reference.

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant alleges that it extended a line of credit to IMG with a maximum principal sum of $4.5 million. (ECF No. 1 at 167.) IMG failed to pay back the loan as called for in the applicable loan agreements. (ECF No. 1 at 167.) As a result, Defendant brought suit against IMG and Mr. Deepal Wannakuwatte ("Wannakuwatte"), the owner and operator of IMG, who had personally guaranteed the loan through his trust. (ECF No. 1 at 167.) The parties therein reached a settlement, and Defendant received approximately $4.75 million over a series of payments. (ECF No. 1 at 167.)

Following the final settlement payment, an indictment against Mr. Wannakuwatte was filed by the U.S. Attorney's Office alleging bank fraud, false statements to a bank, and criminal forfeiture. (ECF No. 1 at 168.) These causes of action arose from the alleged fraudulent scheme conducted by Wannakuwatte and centered on his fraud perpetrated on Defendant. (ECF No. 1 at 168.) Wannakuwatte entered into a plea agreement that included a settlement of the claims concerning his fraud against Defendant. (ECF No. 1 at 168.) The plea agreement was overseen and approved by this Court. (ECF No. 1 at 168.)

IMG filed a voluntary Chapter 11 bankruptcy. (ECF No. 1 at 168.) The bankruptcy court entered an order appointing Plaintiff as Chapter 11 Trustee. (ECF No. 2 at 5.) Plaintiff filed a complaint for avoidance of fraudulent transfers against Defendant. (ECF No. 1 at 169.) The complaint alleges that Defendant knew that the settlement payments from IMG were made with funds obtained from Wannakuwatte's/IMG's fraudulent activities and seeks to recover the settlement payments. (ECF No. 1 at 169.) Defendant demands a jury trial and does not consent to the bankruptcy court exercising judicial powers over this adversary proceeding. (ECF No. 1 at 169–70.)

II.    **STANDARD OF LAW**

Withdrawal of reference from bankruptcy is governed by 28 U.S.C. § 157(d). This section provides two kinds of withdrawal: mandatory and permissive.[1] As to permissive

---

[1] Because neither party argues for mandatory withdrawal, and because the Court can find no grounds for determining that this issue requires review of "substantial and material questions" of federal law outside their "routine application[s]," the Court will not consider mandatory withdrawal. *See Sec. Farms v. Int'l Bhd. of Teamsters,*

withdrawal, a court "may" withdraw a proceeding, "in whole or in part . . . for cause shown." 28 U.S.C. § 157(d). "The standard for permissive withdrawal is high and must be satisfied by the party seeking withdrawal." *Rock Ridge Properties, Inc. v. Greenback Mortg. Fund, LLC*, 2012 WL 346465, at *2 (E.D. Cal. Jan. 31, 2012). Permissive withdrawal is in the district court's discretion. *In re KSL Media, Inc.*, 2016 WL 74385, at *2 (C.D. Cal. Jan. 6, 2016). In deciding whether to exercise its discretion, the court considers factors including "(1) the efficient use of judicial resources; (2) delay and costs to parties; (3) uniformity of bankruptcy administration; and (4) prevention of forum shopping as well as whether the issues are 'core' or 'non-core' within the meaning of [28 U.S.C.] § 157(b)(2), and whether any party has a right to a jury trial." *Id.* (citations and internal quotation marks omitted).

### III.   ANALYSIS

The Court has assessed the factors set forth by the Ninth Circuit and finds that Defendant is not entitled to withdraw the reference under 28 U.S.C. § 157(d). Defendant states that it is entitled to have this case heard by an Article III judge, demands a jury trial, and does not consent to a final judgment entered by the bankruptcy court. (ECF No. 1 at 171.) On these grounds, Defendant claims that denial of the motion to withdraw will lead to a duplication of judicial efforts because this Court will ultimately have to adjudicate this adversary proceeding, either through a jury trial or through a de novo review of any decision by the bankruptcy court. (ECF No. 1 at 171.) Further, Defendant argues that this Court is already familiar with the factual background of this adversary proceeding due to the criminal action involving Wannakuwatte, which will permit more efficient review of the issues at present. (ECF No. 1 at 173.)

Plaintiff argues that the Court should not depart from the default division of labor between bankruptcy courts and district courts contemplated under 11 U.S.C. § 157(d), reflected in this Court's own standing referral order, and expressly endorsed by the Ninth Circuit. (ECF No. 2 at 5). Plaintiff further contends that it is in the interest of judicial efficiency and resources to have this action remain before the bankruptcy court. (ECF No. 2 at 10–11.) Further, Plaintiff offers that the claims at issue are uniquely within the special expertise of the bankruptcy court, and that

---

*Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 n.4 (9th Cir. 1997).

withdrawal of the claims at issue here would interfere with the uniformity of the bankruptcy administration and foster delay. (ECF No. 2 at 11, 15.)

The Court finds Defendant's motion insufficient. The Ninth Circuit has held that the right to a jury trial does not warrant transfer of all pre-trial proceedings to the district court. *See In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007). Permitting bankruptcy courts to handle these pretrial matters serves judicial economy and takes advantage of the bankruptcy court's special competency in bankruptcy law and its familiarity with the underlying facts of the cases already before it. *Id*. at 787–88 ("[R]equiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system. . . . [T]his system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. . . . Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." (citations and emphasis omitted)). Such an analysis is particularly applicable in this case, where the only claims against Defendant are for the avoidance of fraudulent transfers under 11 U.S.C. §§ 548 and 550. These types of claims fall within the specialized province of bankruptcy courts. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014). Defendant's generalized arguments about judicial efficiency are insufficient to surmount the Ninth Circuit's clear indication that the function of the bankruptcy court is to handle these issues.

Defendant's only specific argument that withdrawal would promote judicial efficiency is that this Court is already familiar with the factual background of this adversary proceeding due to the criminal action involving Wannakuwatte. (ECF No. 1 at 173.) However, the Court is not convinced that its familiarity with Wannakuwatte's criminal case will make adjudication of the instant case any more efficient. This Court did not hold a trial in Wannakuwatte's case, but oversaw his guilty plea and adjudicated his sentence, which means that the universe of salient facts in Wannakuwatte's case are limited and easily available to the bankruptcy court. The bankruptcy court can certainly take judicial notice of Wannakuwatte's guilty plea without having actually been involved in that criminal process. Defendant has failed to indicate how the Court's

knowledge of the particular facts of Wannakuwatte's criminal case gives it any meaningful advantage over the bankruptcy court.

The Court finds that withdrawal of this matter from the bankruptcy court at this time would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration.  Furthermore, such a withdrawal of the reference at this juncture would undermine the statutory scheme of 28 U.S.C. § 157, as well as this Court's standing referral order, General Order No. 163.  As such, the Court finds good cause to withdraw the reference at this point does not exist, and the Court hereby DENIES Defendant's motion without prejudice.

## IV.    CONCLUSION

For the forgoing reasons, Defendant's motion for withdrawal of the reference under 28 U.S.C. § 157(d) is DENIED.

IT IS SO ORDERED.

Dated: March 31, 2016

Troy L. Nunley
United States District Judge